(126 So. 505)

No. 28423.

## PETER SCHUTTLER CO. v. HERRIN TRANSFER & WAREHOUSE CO.

Feb. 3, 1930.

Huey P. Long, of New Orleans, for appellant.

Cook & Cook, of Shreveport, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, Tex., for appellee.

THOMPSON, J. This is a suit for $2,140.38, with interest, the same being an alleged balance due for goods received by defendant for storage and reshipment or delivery as directed by the plaintiff.

The defense is a denial of any indebtedness, and the further allegation that, with the exception of the goods accounted for directly to the plaintiff, all goods, wagons, etc., received by defendant, were delivered to, and accounted for, through one Joe Rentz, who received the same for plaintiff under authority conferred on him either directly or by approval and acquiescence.

After a trial, there was judgment for the plaintiff for the amount sued for.

The parties entered into a written contract beginning April 27, 1923, and ending April 27, 1924, subject to be continued longer by mutual agreement, by which the defendant agreed to receive at its warehouse platform, to store and reship, all goods, delivering same to any freight depot at the stipulated prices therein named.

. The defendant was to render a daily statement of all goods shipped, and to keep a record of wagon stock on hand for the inspec-

tion of the plaintiff company or its agents, and to render a monthly statement of all charges against the plaintiff.

The contract continued after April 27, 1924, and in October of that year the plaintiff wrote defendant, asking it to take an inventory of the stock on hand.

In reply to that letter, the defendant sent an inventory of the goods and wagons which it had on hand or which had been received from the plaintiff, amounting to the net sum of $6,006.47.

In the petition it is alleged that defendant furnished this inventory on October 13, 1924, and in its answer the defendant admits making and sending said inventory, but claims that the same was communicated in accordance with instructions of plaintiff's agent who had charge of plaintiff's affairs.

The petition further alleges that the defendant had shipped for plaintiff or otherwise accounted for $3,866.09, and this is admitted in defendant's answer.

So that we take it to be established beyond controversy that the defendant had received from plaintiff goods amounting to the sum of $6,006.47, and that defendant accounted to the plaintiff for only $3,866.09, leaving a balance unaccounted for of $2,140.38, the exact amount sued for.

■ The only question at issue, therefore, is whether the defendant has delivered this balance to any one having authority to receive the same for plaintiff.

The person to whom the defendant claims to have delivered the goods was the traveling salesman of the plaintiff, with authority to take orders for goods to be filled from the stock stored with the defendant. The defendant was furnished by the plaintiff with an accredited list of customers to whom defend-

ant was authorized to make shipments without referring the order to the plaintiff.

The names of some of these accredited customers were withdrawn and others added from time to time during the life of the contract: The letters from the plaintiff to defendant transmitting the original list and its subsequent change or modification are in the record.

There are seven of these letters; the first one was dated June 14, 1923, and the last one April 18, 1924.

The office manager of the plaintiff during the life of the contract with defendant testified that Rentz was allowed to take orders from accredited customers and have them filled by the defendant out of the stock of goods in defendant's warehouse; that the defendant was furnished with a card index of the accredited customers.

It appears that Rentz represented the plaintiff as salesman prior to the contract between plaintiff and defendant, and the contract with Rentz was evidenced by several letters which passed between plaintiff and Rentz. In these letters it was provided that all orders by Rentz were to be written on blanks supplied by plaintiff and subject to the plaintiff's approval, and that Rentz had no authority other than to sell the goods subject to plaintiff's approval.

The office manager testified in this connection that the defendant never received any instructions from the plaintiff other than the terms contained in the contract between plaintiff and defendant.

He further testified on cross-examination: That there were several instances where the defendant remitted checks to cover merchandise which it had shipped out. These checks

covered shipments made to others than the accredited customers.

That in such instances the checks and the orders covering the merchandise were attached to reports of the defendant.

That the merchandise which was short and which plaintiff is suing for was never reported by defendant to the plaintiff as having been shipped or sold or delivered to Rentz.

█ It is urged that defendant was not informed of the limitations of Rentz's authority, and is therefore not bound thereby, and that it was justified in assuming that Rentz had full authority to make orders to be delivered out of the stock which defendant had on hand belonging to the plaintiff, and that the plaintiff is now estopped from asserting the lack of authority in its agent.

There would be considerable force in defendant's contention if defendant had kept a record of the orders for the unaccounted goods it claims to have delivered to the agent as the contract specifically required and had transmitted such orders to the plaintiff.

The plaintiff did approve and did acquiesce in the delivery of some goods on the order of the agent to parties who were not on the list of accredited customers.

But in every instance report was immediately made to plaintiff with a check in payment of the order.

The few instances referred to certainly did not justify the defendant in turning plaintiff's property over to Rentz to be disposed of as he saw fit without making any report thereof to plaintiff. Not only did defendant's contract require that a daily statement of all goods shipped be kept and a record made of wagon stock on hand, but honesty and fair dealing demanded that defendant should keep its books in such a condition as to enable it-

self and the plaintiff as well by simple examination to ascertain what part of plaintiff's stock was on hand and what part had been disposed of and to whom delivered.

This confessedly was not done, and none of defendant's officers, employees, bookkeeper, or warehouseman were able to present any record whatever to show what goods had been delivered to Rentz. The defendant, according to the testimony of its officers, simply let Rentz take charge of plaintiff's goods and to handle and dispose of them as his own.

Such conduct was not justified under the contract, and plaintiff was not informed thereof. In such circumstances there is no basis for the imputed ratification and acquiescence on the part of the plaintiff.

The judgment appealed from is correct, and is therefore affirmed.